UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
JUSTIN L.M.,

                Plaintiff,        <u>DECISION AND ORDER</u>
                                     1:23-cv-00900-GRJ

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

      In November of 2015, Plaintiff Justin L.M.[1] applied for Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Pierre Pierre Law, P.C., Eddy Pierre Pierre, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 10).

      This case was referred to the undersigned on November 8, 2023. As discussed further below, the parties agree that a remand is necessary, but differ as to whether a remand for further administrative proceedings or a

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

remand for calculation of benefits should be directed. For the following reasons, this Court finds a remand for calculation of benefits to be the appropriate remedy.

## I. BACKGROUND

A.  Administrative Proceedings

Plaintiff applied for benefits on November 6, 2015, alleging disability beginning December 13, 2007. (T at 93, 183-91).[2] Plaintiff's application was denied initially and on reconsideration. He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on June 8, 2018, before ALJ Flor M. Suarez. (T at 40-92). On July 30, 2018, ALJ Suarez issued a decision denying the application for benefits. (T at 6-24). The Appeals Council denied review on June 19, 2019 (T at 1-5) and Plaintiff commenced an action in the United States District Court for the Southern District of New York.

On February 3, 2020, the Honorable John G. Koeltl, United States District Judge, approved a stipulation and ordered a remand for further administrative proceedings. (T at 797). The Appeals Council remanded the matter to ALJ Suarez. (T at 790-94).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 13.

The ALJ held a second hearing on December 23, 2020. (T at 716-747).  Plaintiff appeared with an attorney and testified.  (T at 726-38).  The ALJ also received testimony from Plaintiff's mother. (T at 739-44).  The ALJ held a supplemental hearing on May 18, 2021. (T at 748-89).  Plaintiff appeared with his attorney.  The ALJ received testimony from Dr. John Sabow, a medical expert (T at 755-71) and Danielle Hetu, a vocational expert. (T at 773-84).

B.   *ALJ's Decision*

On May 26, 2021, the ALJ issued a decision denying the application for benefits. (T at 682-704).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 6, 2015 (the date he applied for benefits). (T at 688).  The ALJ concluded that Plaintiff's autism-Asperger's spectrum and attention deficit hyperactivity disorder were severe impairments as defined under the Social Security Act. (T at 688).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 689).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work, as defined in 20 CFR 416.967 (c), with the following limitations: he needs to avoid concentrated exposure

to: extreme heat or cold; wetness or humidity; bronchial irritants such as noxious fumes, odors, dust, and gases; and poorly ventilated areas. (T at 692).

The ALJ found Plaintiff limited to simple and routine tasks, consistent with Specific Vocational Preparation (SVP) level 1 and 2 jobs; in a low stress job, defined as having only occasional changes in the work setting and no assembly fast-paced work. The ALJ determined that, after a probationary period, Plaintiff would be limited to occasional interaction with the public, coworkers, and supervisors. (T at 692).

The ALJ noted that Plaintiff has no past relevant work. (T at 702). Considering Plaintiff's age (20 on the application date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 702).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between November 6, 2015 (the application date) and May 26, 2021 (the date of the ALJ's decision). (T at 703-704).  On December 5, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's second decision the Commissioner's final decision. (T at 675-81).

### C. Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on February 2, 2023. (Docket No. 1). On June 22, 2023, Plaintiff filed a brief in support of a request for judgment on the pleadings. (Docket No. 14). The Commissioner submitted a brief on September 14, 2023. (Docket No. 16). On September 27, 2023, Plaintiff filed a reply brief. (Docket No. 17).

## II. APPLICABLE LAW

### A. Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.   *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

### III.  DISCUSSION

Plaintiff and the Commissioner agree that a remand is necessary because the ALJ's decision is not supported by substantial evidence.  The parties disagree as to the nature of the remand. Plaintiff requests remand for calculation of benefits while the Commissioner contends further administrative proceedings are warranted.

A court reviewing the denial of benefits may, in its discretion, remand a claim for further proceedings, or solely for the calculation of benefits. 42 U.S.C. § 405(g) (sentence four) (a reviewing court may enter, upon the pleadings and the administrative record, "a judgment affirming, modifying, or reversing the decision of the Commissioner ... with or without remanding the cause for a rehearing").

Where the record is complete and contains persuasive proof of disability, "no purpose would be served" by additional administrative proceedings and remand for calculation of benefits is warranted.  *Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir.2000).

Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

Here, the record is complete and contains persuasive proof of disabling limitations, as evidenced by multiple medical opinions from providers with the opportunity to observe and treat Plaintiff.

In March of 2021, Dr. Faiz M. Hasan, Plaintiff's treating psychiatrist, completed a mental impairment questionnaire. (T at 1449-53). He diagnosed ADHD and Autism Spectrum Disorder. (T at 1449). Dr. Hasan assessed moderate-to-marked impairment in Plaintiff's ability to work in coordination with others; respond appropriately to workplace changes; and make plans independently. (T at 1452). He believed Plaintiff would likely be absent from work 2 to 3 times per month as a result of his impairments or treatment. (T at 1453).

In a narrative, Dr. Hasan explained that Plaintiff's deficits in social and communication skills were related to his autism spectrum disorder and would cause difficulty in Plaintiff's ability to maintain employment. (T at 1453).

Dr. Hasan opined that Plaintiff met Listing 12.10 (Autism Spectrum Disorder) due to qualitative deficits in verbal communication, nonverbal communication, and social interaction. (T at 1454). He assessed marked limitation in Plaintiff's ability to understand, remember, or apply information; interact with others; and concentrate, persist, and maintain pace. (T at 1455).

Dr. Amit Jagtiani, a treating psychiatrist, completed a mental impairment questionnaire in October of 2019. According to Dr. Jagtiani, Plaintiff has difficulty thinking or concentrating, is easily distractible, and experiences persistent irrational fears when in public due to poor social skills. (T at 1347-48).

Dr. Jagtiani assessed marked impairment in Plaintiff's ability to make simple work-related decisions; sustain an ordinary routine without supervision; complete a workday without interruptions from psychological symptoms; engage in social interactions with co-workers, supervisors, and the public; and make plans independently. (T at 1349).

Dr. Jagtiani opined that Plaintiff would be absent from work more than 3 times per month due to his impairments or treatment. Dr. Jagtiani's report was co-signed by Dr. Clarisa Atencio, as attending physician. (T at 1350).

Dr. Eleanor Murphy performed a consultative psychiatric evaluation in November of 2020. She opined that Plaintiff had moderate limitation in his ability to use reason and judgment to make work-related decisions and marked impairment in his ability to interact adequately with supervisors, co-workers, and the public. (T at 1413). Dr. Murphy characterized Plaintiff's prognosis as "guarded" and believed his psychiatric problems could significantly interfere with his ability to function on a daily basis. (T at 1414).

Dr. John Sabow testified as a medical expert at the administrative hearing held on March 18, 2021. Dr. Sabow believed that the record supported diagnoses of severe ADHD disorder and severe autism spectrum disorder. (T at 762). Dr. Sabow testified that Plaintiff met the requirements for Listing 12.02 (Neurocognitive disorders). (T at 764-65). He believed Plaintiff would have difficulty even with repetitive tasks due to marked impairment as to his capacity to concentrate, persist, and maintain pace. (T at 765-66). Dr. Sabow assessed marked limitation in Plaintiff's social interaction abilities and moderate to marked impairment as to understanding, remembering, and applying information. (T at 765).

In sum, the record contains assessments from two treating physicians that establish disabling limitations, which are supported by the findings of a

consultative examiner and medical expert called by the Commissioner to testify at an administrative hearing.

The Commissioner concedes that the ALJ's decision is not supported by substantial evidence but argues that a remand for further proceedings is warranted. In support of this argument, the Commissioner points to evidence that could contradict a finding of disability during the relevant period. The Court finds the Commissioner's argument unavailing.

The Commissioner cites treatment notes describing Plaintiff as presenting with normal mood, intact insight, cooperative behavior, and logical thought processes. (T at 425, 430, 433, 437, 441, 445, 449, 452, 956, 972, 976, 980, 1363, 1367, 1370, 1375, 1377, 1380, 1385, 1387-88, 1392, 1395, 1398, 1403).

Notably, however, the record also documents Plaintiff as demonstrating minimal eye contact, limited to no social skills, constricted affect, and abnormal speech. (T at 332, 335, 340, 344, 348, 352, 356, 541, 545, 548, 552, 557, 610, 614, 618, 626, 630, 959, 1363, 1367, 1370, 1375, 1377-1378, 1379-1380). *See Stacey v. Comm'r of SSA*, 799 F. Appx. 7, 10 (2d Cir. 2020)(cautioning "ALJs against scouring medical notes to draw their own conclusions based on isolated descriptions"); *Gough v. Saul*, 799 F. Appx. 12, 14 (2d Cir. 2020)("We fear that the ALJ cherry-picked

evidence from the record to support his conclusion that Gough could work full time even though the record as a whole suggested greater dysfunction.").

The Commissioner's argument unreasonably overrates the relevance of Plaintiff's ability to maintain somewhat appropriate attendance and affect during relatively brief, relatively infrequent encounters with supportive mental health professionals.

The Commissioner's own regulations recognize that a claimant's "ability to complete tasks in settings that are highly structured, or that are less demanding or more supportive than typical work settings does not necessarily demonstrate [her] ability to complete tasks in the context of regular employment during a normal workday or work week." 20 C.F.R. Subpt. P, App. 1 § 12.00 (C) (6) (b); *see also Primo v. Berryhill*, 17 Civ. 6875, 2019 U.S. Dist. LEXIS 27074, at *31 (S.D.N.Y. Feb. 19, 2019)(noting that ALJs must recognize that "the effects of a mental health issue may be different in a work setting than in a non-work setting"); *Flynn v. Comm'r of Soc. Sec. Admin.*, 729 Fed. Appx. 119, 121 (2d Cir. 2018)(decision to discount opinion based on treatment notes indicating claimant was "well-groomed and with calm affect" was "an assessment ... beyond the scope of the ALJ's authority").

The Commissioner also points to Plaintiff's activities of daily living, which the Commissioner argues are consistent with the ability to meet some of the mental demands of basic work activity. These activities included shopping, watching movies, attending church, playing video games, and performing household chores. (T at 224, 648, 730-32, 1397).

This is not a reasonable reading of the record and ignores the fact that Plaintiff's mother has power of attorney and manages his finances. (T at 331, 972). He is dependent on his mother and needs "close supervision." (T at 335). Furthermore, although Plaintiff performs some household chores, Plaintiff spends most of his time playing video games and watching television and communicates with friends primarily through his video game console. (T at 372, 377).

These activities are not indicative of the ability to meet the mental demands of competitive, remunerative employment on a consistent basis. *See, e.g., Mejia v. Barnhart*, 261 F. Supp. 2d 142, 148 (E.D.N.Y. 2003)("The ALJ's finding that plaintiff's participation in solitary activities within the confines of her home and engagement in limited social activities with the assistance of her family is 'inconsistent with a disabling impairment' is not supported by medical opinion."); *Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022)(remanding for

calculation of benefits where claimant "reported engaging in some limited and sporadic part-time work and that she engaged in some daily living activities such as reading and playing games on her phone," because "these activities did not show that [claimant] could hold down a steady job for an extended period of time").

Lastly, the Commissioner points to other medical opinion evidence that supports a less restrictive assessment of Plaintiff's RFC.

In January of 2016, Dr. D. Brown, a non-examining State Agency review physician, assessed no more than moderate impairment in mental functioning and opined that Plaintiff retained the ability to perform simple, unskilled work. (T at 97-100). Dr. Lucy Kim performed a consultative examination in November of 2017, and assessed no more than moderate limitation in mental functioning. (T at 649). At the first administrative hearing in June of 2018, Dr. Rita Clark, a medical expert, characterized Plaintiff's autism spectrum disorder as mild, and opined that his impairments did not meet or medically equal a Listing. (T at 77-78).

However, two of these providers (Dr. Brown and Dr. Clark) never treated or examined Plaintiff, and Dr. Kim's assessment was based on a single observation.

The Second Circuit has long cautioned that "ALJs should not rely heavily on the findings of consultative physicians after a single examination." *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir. 2013)(citing *Cruz v. Sullivan*, 912 F.2d 8, 13 (2d Cir. 1990)).

"This concern is even more pronounced in the context of mental illness where … a one-time snapshot of a claimant's status may not be indicative of her longitudinal mental health." *Estrella v. Berryhill*, 925 F.3d 90, 98 (2d Cir. 2019); *see also Flynn v. Comm'r of SSA*, 729 F. App'x 119,122 (2d Cir. 2018)("The treatment provider's perspective would seem all the more important in cases involving mental health, which are not susceptible to clear records such as [x-rays] or MRIs. Rather, they depend almost exclusively on less discretely measurable factors, like what the patient says in consultations.").

Here, Dr. Jagtiani and Dr. Hasan were the medical professionals "most able to provide a detailed, longitudinal picture of [Plaintiff's] medical impairment(s)," with "a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." *Marinez v. Comm'r of Soc. Sec.*, 269 F. Supp. 3d 207, 216 (S.D.N.Y. 2017) (citing 20 C.F.R. § 416.927(c)(2)).

Moreover, the treating providers' opinions were supported by a more recent consultative examination (performed by Dr. Murphy) and a subsequent, more comprehensive review of the record (performed by Dr. Sabow, who testified at the second administrative hearing).

The ALJ's decision to discount the shared assessments of Plaintiff's treating providers under these circumstances was not supported by substantial evidence or consistent with applicable law.

Regarding the remedy, Plaintiff's application for benefits has been pending for 8 years and the Commissioner already had the benefit of further administrative proceedings and an additional opportunity to apply the treating physician rule on remand.  Moreover, the additional evidence adduced during remand, including the assessments of Dr. Murphy and Dr. Sabow, provided further evidence of disabling impairments, which the ALJ still did not account for adequately, as discussed above.

For these reasons the Court concludes that a remand for calculation of benefits is the appropriate remedy. *See, e.g., Mortise v. Astrue*, 713 F. Supp. 2d 111, 128 (N.D.N.Y. 2010) (remanding for calculation of benefits where ALJ repeatedly erred in applying the treating physician rule and further development of the record would not affect the result); *Steficek v. Barnhart*, 462 F. Supp. 2d 415, 421 (W.D.N.Y. 2006) (remanding for

calculation of benefits where Commissioner committed "the exact same errors the second time around"); *Carlantone v. Colvin*, No. 14-CV-8204 (DF), 2015 WL 9462956, at *14 (S.D.N.Y. Dec. 17, 2015)("In particular, courts in this Circuit have determined that, where one or more ALJs in a case have repeatedly erred in applying the treating physician rule, remand for further development of the record is unwarranted.")(collecting cases).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff is GRANTED judgment on the pleadings and this matter is REMANDED for calculation of benefits. The Clerk is directed to enter judgment in favor of Plaintiff and then close the file.

Dated: November 21, 2023        *s/ Gary R. Jones*
                                GARY R. JONES
                                United States Magistrate Judge